# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ROBERT L. NELSON, aka Jamal Myxz,
CDCR #BF-6447,

Plaintiff,

v.

WILLIAM GORE; PATRICK FOX;
IMPERIAL BEACH SHERIFF DEP'T;
CITY OF IMPERIAL BEACH; JOHN
DOES;,

Defendants.

Case No.:  18-cv-00648-BAS-KSC

**1)  DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

**AND**

**2)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 2]**

Robert L. Nelson, also known as Jamal Myxz, ("Plaintiff"), currently housed at the Substance Abuse and Treatment Facility located in Corcoran, California, and proceeding *pro se*, filed this action pursuant to 42 U.S.C. §1983. (ECF No. 1, Compl. at 1.) Plaintiff did not prepay the civil filing fees required by 28 U.S.C. §1914(a) at the time of filing. He has instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a) (ECF No. 2). For the reasons herein, the Court dismisses the action and denies the IFP motion as moot.

## I.    *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. §1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is

accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. §1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. §1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of §1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915A(b)(1) because it is duplicative of another civil action he has brought in this Court. *See Nelson v. City of Imperial Beach*, No. 3:17-cv-01913-GPC-KSC, ECF Nos. 1, 5 (S.D. Cal.). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. §1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. §1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought identical claims presented in the instant action against the same defendants in *Nelson v. City of Imperial Beach*, the Court must dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. §1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative

of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II.    CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** that this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. §1915A(b)(1). Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED AS MOOT**. (ECF No. 2) This dismissal shall operate without prejudice to Plaintiff's pursuit of the same claims against the same parties which are currently pending in *Nelson v. City of Imperial Beach*, No. 3:17-cv-01913-GPC-KSC, ECF Nos. 1, 5 (S.D. Cal.). The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**


**DATED:  April 25, 2018**

Hon. Cynthia Bashant
United States District Judge

18cv648